# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PAUL MAXWELL, | No. 2:15-CV-0015-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| RYON MITCHELL, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

///
///
///
///
///

1    Plaintiff names the following as defendants: (1) Ryon Mitchell; (2) Kevin Hass;
2 and (3) the City of Chico.  Plaintiff states that he drove himself to the emergency room after
3 being stabbed in a Win-Co parking lot in Chico.  According to plaintiff, someone at the hospital
4 asked Ryon Mitchell, a City of Chico police officer, to move plaintiff's car.  Plaintiff states:
5    Officer Mitchell retrieved the keys and stood over me shaking a
    metal pill bottle attached to the key ring.  Mitchell asked what was in the
6    bottle.  Nothing plaintiff replied.  Mitchell then unscrewed the bottle and
    retrieved a small amount of an unknown substance stating: "Looks like
7    marijuana.  I'm confiscating it, but don't worry.  You won't be charged."
8 Plaintiff alleges that a felony arrest warrant was issued against him but later recalled after he
9 appeared in Butte County Superior Court on criminal charges.  Plaintiff states that the criminal
10 case was later dismissed at the preliminary hearing.
11    Next, plaintiff claims that defendant Hass, also a City of Chico police officer,
12 noticed plaintiff's car at the Matador Hotel and, believing an arrest warrant was outstanding,
13 "appeared gun drawn looking down the sights, yelling 'dive on the ground Chico PD.'" Plaintiff
14 states that he was unable to get on the ground due to the wound suffered in the stabbing attack
15 earlier, but that he stood in place and held his hand up.  Plaintiff alleges that defendant Hass "ran
16 up on Plaintiff and kicked Plaintiff in the lower abdomen causing Plaintiff to fall on the ground,
17 at which time Plaintiff was hit several time."  According to plaintiff, he suffered "several hernias
18 as a result of being kicked by Officer Hass."
19    The complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C.
20 § 1983 and 28 U.S.C. § 1915A(b) as against defendants Mitchell and Hass.  If the allegations are
21 proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court,
22 therefore, finds that service is appropriate and will direct the Clerk of the Court to issue a
23 summons form.  Plaintiff is informed, however, that this action cannot proceed further until
24 plaintiff completes service of process on defendants pursuant to Federal Rule of Civil Procedure
25 4. Plaintiff is warned that failure to comply with this order may result in dismissal of the action.
26 See Local Rule 110.

1   The complaint, however, does not state a claim against defendant City of Chico.
2   Municipalities and other local government units are among those "persons" to whom § 1983
3   liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and
4   municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see
5   also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local
6   government unit, however, may not be held responsible for the acts of its employees or officials
7   under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S.
8   397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not
9   of the actions of its employees or officers. See id. To assert municipal liability, therefore, the
10  plaintiff must allege that the constitutional deprivation complained of resulted from a policy or
11  custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to
12  withstand dismissal even if it is based on nothing more than bare allegations that an individual
13  defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los
14  Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

15  Here, plaintiff makes no allegations related to defendant City of Chico. Plaintiff
16  will be directed to show cause why the City of Chico should not be dismissed. Plaintiff is once
17  again warned that failure to comply with this order may result in dismissal of the City of Chico.

18  Accordingly, IT IS HEREBY ORDERED that:

19  1.   The court authorizes service on the following defendant(s):
20       MITCHELL;
21       HASS;

22  2.   The Clerk of the Court shall issue a summons in a civil case and send
23  plaintiff the summons along with a copy of the complaint;

24  3.   Plaintiff shall effect service of process and file proofs of service with the
25  court within the time provided in Federal Rule of Civil Procedure 4(m); and

26  / / /

4. Within 30 days of the date of this order, plaintiff shall show cause in writing why the City of Chico should not be dismissed as a defendant to this action.

DATED: February 23, 2016

                                       /s/ Craig M. Kellison
                                       **CRAIG M. KELLISON**
                                       UNITED STATES MAGISTRATE JUDGE