IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY PAUL MAXWELL,

    Plaintiff,

    v.

RYON MITCHELL, et al.,

    Defendants.

No. 2:15-CV-0015-JAM-DMC-P

FINDINGS AND RECOMMENDATIONS

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's First Amended Complaint (Doc. 19).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Ryon Mitchell, a police officer with the City of Chico; (2) Kevin Hass, also a City of Chico police officer; (3) Ford Porter, a City of Chico police captain; (4) Kirk Trostle, the Chief of Police for the City of Chico; (5) the City of Chico Police Department; (6) the City of Chico; (7) Jeff Greeson, a deputy district attorney for the County of Butte; (8) the County of Butte; and (9) the Butte County Superior Court.

Plaintiff alleges that on May 8, 2013 he was stabbed. After driving himself to the hospital, Plaintiff left his vehicle unattended outside the hospital. Defendant Officer Mitchell was asked to move plaintiff's car. After retrieving the keys from plaintiff, Officer Mitchell noticed a small metal canister attached to the key ring. Plaintiff contends that Officer Mitchell unscrewed the canister and found what the officer believed to be a small amount of marijuana. Plaintiff states that the officer told him that he was confiscating the marijuana but that plaintiff would not be charged.

Next, plaintiff alleges that Officer Mitchell falsified a police report to indicate that the marijuana had originally be found by medical staff during an inventory of plaintiff's property and that it had been turned over to Mitchell for investigation. While an arrest warrant was issued, plaintiff states that it was later recalled and any charges against him resulting from the controlled substance possession were dismissed at a preliminary hearing held on August 7, 2013. Plaintiff alleges that defendant Captain Porter disregarded plaintiff's citizens complaint and "downgraded" it "so it would not appear in Mitchell's personnel file. . . ." According to plaintiff, defendant City of Chico Police Department "has a habit, practice, and/or custom of protecting and sanitizing the illegal activities of their police officers, and disregarding citizens' complaints." Plaintiff adds that

1 | defendants Chief of Police Trostle, City of Chico, and City of Chico Police Department are
2 | responsible for allowing this practice to continue and are "completely indifferent through habit or
3 | custom. . . ." regarding violations by police officers and covering them up.

Plaintiff next claims that defendant Butte County Superior Court and defendant deputy district attorney Greeson violated his constitutional rights by releasing him on his own recognizance in exchange for a waiver of Fourth Amendment rights. Plaintiff claims that defendant Butte County is indifferent to this practice.

Plaintiffs' Amended Complaint charges that defendant officer Hass arrested him on the recalled warrant knowing that it was not valid at the time of the arrest. Plaintiff further alleges that he was injured by officer Hass during the course of the arrest. Plaintiff also claims that defendant City of Chico Police Department has a policy of not requiring officers to check the validity of warrants prior to executing them. According to plaintiff, defendant Chief Trostle has a custom of allowing his officers to engage in "free style" policing. Plaintiff contends that defendant City of Chico is completely indifferent to these policies and practices.

## II. DISCUSSION

The court finds that the complaint appears to state a claim for relief as against defendants Mitchell, Hass, Porter, Trostle, the City of Chico Police Department, and the City of Chico. By separate order, the court will direct plaintiff to submit documents necessary for service on these defendants.

The complaint, however, does not state cognizable claims against Jeff Greeson, a deputy district attorney for the County of Butte, the County of Butte, or the Butte County Superior Court based on plaintiff's allegation that he was released on his own recognizance in exchange for a waiver of Fourth Amendment rights. In particular, any loss of plaintiff's rights resulted from plaintiff's decision to accept such an agreement and not from the conduct of these defendants. Plaintiff was free to refuse to waive Fourth Amendment claims and post bond or remain in custody. He chose not to do so.

///

3

1 | In any event, judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. See id. Judges retain their immunity even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process." See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987). Because judges are immune from plaintiff's claim, he cannot sustain the claim against the Butte County Superior Court in general.

Similarly, prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). This immunity extends to actions during both the pre-trial and post-trial phases of a case. See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984). State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. See Kalina v. Fletcher, 522 U.S. 118, 123-25 (1997). For this reason, defendant Greeson is immune from plaintiff's claim.

Finally, because plaintiff's claim against defendant County of Butte derives from his claims against immune defendants, plaintiff does not state a cognizable claim against defendant County of Butte.

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of defendants Greeson, County of Butte, and Butte County Superior Court. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

///

Based on the foregoing, the undersigned recommends that Greeson, County of Butte, and Butte County Superior Court be dismissed as defendants to this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 13, 2018

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE