IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PAUL MAXWELL, | No. 2:15-CV-0015-JAM-DMC |
| Plaintiff, | |
| v. | ORDER |
| RYON MITCHELL, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for extension of time to complete discovery (ECF No. 51) and subsequent motions for leave to serve discovery requests (ECF No. 53; ECF No. 58).

On March 26, 2019, the Court ordered that the parties may conduct discovery until July 29, 2019. See ECF No. 39. On July 29, 2019, plaintiff filed a motion for a 63-day extension of time to obtain counsel and to comply with the discovery cut-off date. See ECF No. 44. On September 6, 2019, the Court granted plaintiff's motion and set a new discovery cut-off date of November 18, 2019. See ECF No. 45. On November 20, 2019, plaintiff filed another application for an order extending the time to complete discovery, this time until February 16, 2020. See ECF No. 47. On January 22, 2020, the Court granted plaintiff's application and continued the discovery cut-off date to February 16, 2020. See ECF No. 50. On February 24, 2020, plaintiff

1 filed this motion for an extension of time to complete discovery, requesting that discovery remain
2 open until May 18, 2020. See ECF No. 58.

3 The Court denies plaintiff's request to reopen discovery. In its January 22, 2020
4 order, the Court extended discovery for the limited purpose of allowing plaintiff to file motions to
5 compel discovery by February 16, 2020. The Court expressly stated that "[d]iscovery is otherwise
6 closed in this action." See ECF No. 50, pg. 2. Plaintiff argues that discovery should be reopened
7 because he has been "separated from [his] files" and has had limited access to the law library. See
8 ECF No. 51. However, the Court is not convinced that good cause exists for re-opening
9 discovery. Despite the January 22 order, plaintiff failed to submit any motions to compel within
10 the time allotted and instead filed this pending motion to extend the time within which to
11 propound new discovery requests. Plaintiff has already been granted substantial time to complete
12 discovery and the January 22 order directs that the window has closed.

13 Additionally, the Court notes that defendants have submitted a motion for
14 summary judgement and a hearing is set for July 8, 2020. See ECF No. 61. Pursuant to the
15 Court's December 18, 2018 order, this action proceeds under Eastern District of California Local
16 Rule 230(l) which states that "[a]ll motions, except motions to dismiss for lack of prosecution,
17 filed in actions wherein one party is incarcerated and proceeding in propria persona, shall be
18 submitted upon the record without oral argument unless otherwise ordered by the Court." Since
19 the Court has not ordered oral arguments on this matter, the hearing shall be vacated. However,
20 the Court recognizes that plaintiff is not currently in custody and either party may request
21 application of other provisions of Local Rule 230 in lieu of Local Rule 230(l). See ECF No. 33,
22 pg. 3, lines 10-13 (December 18, 2018, order).
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1         For the foregoing reasons, IT IS HEREBY ORDERED that:

2         1. Plaintiff's motion for extension of time to complete discovery (ECF No. 51) is

3 denied;

4         2. Plaintiff's motions for leave to serve discovery requests (ECF No. 53; ECF No.

5 58) are denied;

6         3. The summary judgement hearing scheduled for July 8, 2020, is vacated; and

7         4. Plaintiff may file an opposition to defendants' motion for summary judgement

8 (ECF No. 61) within 30 days of the date of this order.

11 Dated: June 26, 2020

                                                  DENNIS M. COTA
                                                  UNITED STATES MAGISTRATE JUDGE